**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-16-01464-001-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Jacqueline Scroggins, | |
| Defendant. | |

Defendant Jacqueline Scroggins is an inmate with the Federal Bureau of Prisons ("BOP"). Due to ongoing health concerns from the COVID-19 pandemic, Defendant has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Docs. 210, 211. For reasons stated below, the Court will grant the motion, reduce Defendant's prison sentence to time served, and impose a special term of supervised release.

**I.      Background.**

On August 30, 2018, Defendant received a 37-month prison sentence, followed by three years of supervised release, after pleading guilty to mail fraud and conspiracy. Doc. 187. Defendant presently is confined at a medium-security federal correctional institution in Victorville, California ("FCI-Victorville"). *See* Federal BOP, *Find an Inmate*, https:// www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Aug. 7, 2020). Her projected release date is June 20, 2021. *See id.*; Doc. 220-1 at 2.

On April 4, 2020, Defendant made a request to the warden of FCI-Victorville for compassionate release under § 3582(c). Docs. 213 at 1, 214 at 1. Defendant filed the

present motion on May 15, 2020. Doc. 210. The warden denied Defendant's administrative request on June 19, 2020 because Defendant "[is] not currently diagnosed with a terminal illness and [does] not suffer from a debilitating injury from which [she] will not recover." Doc. 220-1 at 1.

## II.     Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.

Compassionate release is governed by 18 U.S.C. § 3582(c). *See United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). On December 21, 2018, Congress enacted – and the President signed into law – the First Step Act of 2018 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" *Willis*, 382 F. Supp. 3d at 1187 (quoting Pub. L. No. 115-391, 132 Stat. 5194, at 5239 (2018)).

The FSA amended § 3582(c) to permit motions for compassionate release by defendants. A defendant may bring such a motion after: (1) requesting the BOP to make such a motion on her behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. *See* § 3582(c)(1)(A); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) ("The [FSA] materially altered § 3582(c)(1)(A) as previously only the [BOP] Director could bring a motion for compassionate release.") (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).

Specifically, amended § 3582(c) provides:

The court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –

(A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights

2

to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).[1]

### III. Defendant's Motion.

Defendant seeks a sentence reduction to time served because she has a heightened risk of dying from COVID-19 due to her age – 54 years old – and multiple health conditions. Doc. 210 at 5; *see* Doc. 220-1 at 2. The government initially argued that Defendant's motion should be denied on procedural grounds because she filed no administrative request for compassionate release (Doc. 212), but now concedes that Defendant submitted a request to the warden on April 4, 2020 (Doc. 214 at 1). The Court therefore has jurisdiction under § 3582(c)(1)(A). *See* Doc. 214 at 1. The government takes no position on the merits of Defendant's motion. Doc. 214 at 2. The Court finds that extraordinary and compelling reasons warrant a sentence reduction to time served and that such a reduction is consistent with the § 3553(a) factors and the Sentencing Commission's policy statements.

### A.   Defendant Has Shown Extraordinary and Compelling Reasons.

While § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical

---

[1] "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020); *see also United States v. Young*, No. 2:00-cr-0002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) ("[A] majority of the district courts that have considered the issue have likewise held, based on the First Step Act, that they have the authority to reduce a prisoner's sentence upon the court's independent finding of extraordinary or compelling reasons.") (citations omitted).

conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020); *United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *2 (S.D. Ala. Apr. 7, 2020).[2]

The following medical conditions constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

Defendant states that she has chronic lung disease requiring use of a CPAP machine, chronic asthma and bronchitis, diabetes mellitus, and hypertension. Doc. 211 at 3. BOP medical records show that Defendant has hypertension, hyperlipidemia, pre-diabetes/glucose intolerance, asthma, sleep apnea, and obesity. Doc. 220-1 at 2. Defendant clearly suffers from a combination of medical conditions that would be extremely serious if she were to contract COVID-19. *See United States v. Johnson*, No.

---

[2] There is no policy statement specifically applicable to motions for compassionate release filed by prisoners under the FSA. By its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director. U.S.S.G. § 1B1.13. The Sentencing Commission has not amended the current policy statement since the FSA was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)). While the current policy statement may not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance. *See id.*

3:18-CR-00162 (MPS), 2020 WL 4449797, at *2 & n.4 (D. Conn. Aug. 3, 2020) ("According to the Centers for Disease Control and Prevention ('CDC'), 'people of any age with certain underlying medical conditions are at increased risk for severe illness from COVID-19.'  Obesity . . . is one of these underlying medical conditions.") (quoting CDC, Coronavirus Disease 2019, *People with Certain Medical Conditions*); *United States v. Schram*, No. 1:14-CR-00457-1-MC, 2020 WL 4383803, at *2 (D. Or. July 31, 2020) (noting that people with lung disease and diabetes have higher rates of fatality from COVID-19) (citing CDC, *People at Risk for Serious Illness from COVID-19* (Mar. 12, 2020)); *United States v. Williams*, No. 2:98-CR-0309-KJD-RJJ, 2020 WL 3917030, at *1 & n.5 (D. Nev. July 10, 2020) ("high-risk individuals include people suffering from diabetes, high blood pressure, [and] asthma") (citing CDC, *People Who Are at Increased Risk for Severe Illness* (June 25, 2020)); *United States v. Epstein*, No. CR JKB-17-453, 2020 WL 4339325, at *2 (D. Md. July 28, 2020) ("[T]he CDC has identified hypertension as a condition that might be associated with a heightened risk of severe illness, and the Court recognizes the possibility that at least some of Epstein's other conditions [such as hyperlipidemia and sleep apnea] may further enhance his risk.  In sum, there is no denying that Epstein is at a heightened risk of severe illness."); *United States v. Sedge*, 16-cr-537 (KAM), 2020 WL 2475071, at *3 (E.D.N.Y. May 13, 2020) ("Given that the defendant is over 50 and has demonstrated existing medical conditions that would place him into a high-risk category including hypertension [and] hyperlipidemia, . . . defendant has demonstrated that he is at a higher risk for suffering life threatening complications from COVID-19."); *United States v. Gutierrez*, No. 3:16-CR-114 (VAB), 2020 WL 4435246, at *3 (D. Conn. Aug. 3, 2020) (rejecting the government's assertion that hyperlipidemia is not a risk factor).

Defendant states that that there is no available testing for COVID-19 at FCI-Victorville and that prison health services have been limited or cancelled.  Docs. 210 at 6, 211 at 2-3.  She has not seen a physician since her arrival at FCI-Victorville in March 2020, and does not have the supplies needed to sanitize her CPAP machine.  Docs. 210

at 5, 211 at 3, 226 at 2-3. Given her age and the conditions of confinement, it does not appear that Defendant is likely to recover from her medical conditions while incarcerated. And as of August 7, 2020, 62 inmates and staff members at FCI-Victorville have tested positive for COVID-19. *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (Victorville Medium II FCI). Defendant states that it is impossible to practice social distancing and other prophylactic measures in FCI-Victorville due to the facility's crowded, dormitory-style environment. Docs. 210 at 2, 211 at 2-3, 225 at 1, 226 at 2.

"Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'" *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (same). But given Defendant's serious medical conditions, the COVID-19 infections at FCI-Victorville, and the limited medical treatment available at the facility and its crowded environment, Defendant's fear of contracting COVID-19 is real and not merely a general concern. The Court finds extraordinary and compelling reasons for a sentence reduction. *See United States v. Delgado*, No. 3:18-cr-17(VAB), 2020 WL 2464685, at *6 (D. Conn. Apr. 30, 2020) (finding extraordinary and compelling reasons where the defendant "demonstrated that his obesity and sleep apnea place him at greater risk from COVID-19, and that he is unable to properly guard against infection while incarcerated"); *United States v. White*, No. CCB-09-369, 2020 WL 3960830, at *2-4 (D. Md. July 10, 2020) (same where the defendant's conditions included obesity, hypertension, and hyperlipidemia); *United States v. Pena*, --- F. Supp. 3d ----, 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020) (same where the defendant suffered from hypertension and hyperlipidemia); *United States v. Scparta*, --- F. Supp. 3d ----, 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020) (same where the defendant had hypertension and sleep apnea).

**B.     The Section 3553(a) Factors.**

Having determined that Defendant has presented extraordinary and compelling reasons supporting compassionate release, the Court must consider whether the applicable § 3553(a) factors permit Defendant's release.  § 3582(c)(1)(A).  The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Defendant and her codefendants engaged in serious criminal conduct – an elaborate fraudulent scheme to obtain more than $1.6 million in federal financial aid using the identities and personal information of hundreds of individuals who did not intend to attend college or apply for the financial aid.  Doc. 194 at 10-16.  Defendant cooperated with the government and accepted responsibility, pleading guilty to mail fraud and conspiracy.  *See* Docs. 194, 195.  After considering the § 3553(a) factors and relevant sentencing guideline ranges, the Court sentenced Defendant to 37 months in prison.  Doc. 187.  Defendant has now served nearly 24 months of the sentence (65%), and the Court previously recommended to the BOP that Defendant be placed in a halfway house or on home confinement for the remainder of her sentence.  Doc. 209.  Plaintiff states that upon release from prison, she would reside either with her fiancé, Leonardo Oliver, at 2777 S. Arizona Ave., #117, Chandler, AZ 85286, or with her sister Ira Scroggins at 6255 E. Ivy Rd., Mesa, AZ 85205, and that her fiancé and family members will financially support her while she reestablishes her janitorial business or finds other gainful employment.  Docs. 210 at 7, 226 at 5.[3]  She further states that she has learned from her mistakes and presents no danger to community, noting that she has a minimum-risk designation under the BOP's PATTERN

---

[3] Defendant notes that once she has quarantined and is COVID-free, she would return to her residence at 2601 S. 116th Ave, Avondale, AZ 85323.  Doc. 226 at 5.

7

recidivism scoring system. *Id.* Defendant's sisters have submitted letters in support of compassionate release.

The Court finds that a shortened sentence – based on the compassionate release factors set forth above – would still reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence to criminal conduct, and protect the public from further crimes of Defendant.[4]

**IT IS ORDERED:**

1. Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act (Docs. 210, 211) is **granted**.

2. Defendant's previously imposed 37-month prison sentence (Doc. 187) is reduced to **time served**.

3. This Order is stayed for up to 14 days for the verification of Defendant's proposed residence(s) and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

4. Under 18 U.S.C. § 3582(c)(1)(A), Defendant is ordered to serve a "special term" of supervised release of 10 months (this term does not to exceed the unserved portion

---

[4] Defendant's alternative request (Doc. 211 at 1) for home confinement under The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, § 12003(b)(2), 134 Stat. 281, at 515-17 (2020), is denied because "the CARES Act 'authorizes the BOP – not courts – to expand the use of home confinement' under 18 U.S.C. § 3624(c)(2)." *United States v. Cecilio Alaniz, Jr.*, No. 15-CR-00329-DAD-BAM, 2020 WL 4059581, at *7 (E.D. Cal. July 20, 2020) (quoting *United States v. Fantz*, No. 5:14-cr-32-BR, 2020 WL 3492028, at *1 (E.D.N.C. June 26, 2020); *see United States v. Nash*, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (collecting cases)); *United States v. Carlucci*, No. CR 10-00464-01-KHV, 2020 WL 2527013, at *3 (D. Ariz. May 18, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.").

of the original term of imprisonment). This special term of supervised release is in addition to the three years of supervised release imposed as part of Defendant's original sentence. *See* Doc. 187.

     5.     By **August 18, 2020**, the Probation Office shall submit a report identifying proposed conditions of the special term of supervised release.

     Dated this 11th day of August, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge